Good morning, your honors. May it please the court, my name is Charles Finlayson on behalf of Appellants. I'd like to reserve two minutes of my time. Your honors, the district court in this case held an objectively reasonable attorney would have advised Anderson to go to trial instead of pleading guilty. That decision was wrong because whether Anderson pleaded guilty or went to trial, he did not have a successful double jeopardy claim that he failure to yield at an intersection is a lesser included offense of driving under the influence causing death. The Nevada Supreme Court addressed this exact issue on direct appeal. Applying the Blockberger test, it held that failure to yield was not a lesser included offense of driving under the influence causing death because each offense included an element that the other did not. The Nevada Supreme Court's interpretation of these two offenses is binding in federal courts. Importantly, the federal district court in this case didn't disagree with the Nevada Supreme Court's decision on direct appeal. It actually found that it was reasonable, but it held that because the Nevada Supreme Court viewed the offenses at the time Anderson pleaded guilty, instead of going to trial, it didn't really answer the question before the court. But that decision was wrong for two main reasons. First, it ignores the context of the Nevada Supreme Court. It relies on overruled case law and discredited legal theories. On direct appeal, the Nevada Supreme Court specifically looked at the two offenses as the offense of driving under the influence causing death had been charged. And in that charging document, it specifically stated that Anderson was guilty of driving under the influence causing death because, among other things, he did not stop at the intersection and did not yield to oncoming traffic. That is exactly the way the Nevada Supreme Court framed it. This is what they said. They considered whether double jeopardy protections barred a subsequent prosecution for felony driving under the influence causing death because, as charged in the criminal information, the misdemeanor is a lesser included offense of the felony. And under State and Federal law, when a defendant pleads guilty, he pleads guilty to the charge as it's alleged in the charging document, which, as opposing counsel has pointed out in the record, the two charges laid out specifically included failing to yield at the intersection. You're — you're — I'm sorry. You're arguing that the information didn't say that he was — that the charge did not rely on the failure to yield at the stop sign? No. I'm actually arguing the opposite, that it specifically did say that. So when the Nevada Supreme Court looked at the two issues on direct appeal, that was the context in which it was considering it. There's a little twist in this case, though, because the trial court said, if you don't — if you're relying on this at trial, I'm going to dismiss the case based on double jeopardy. Correct. So regardless of what the Nevada Supreme Court eventually did, if the State had proceeded to trial and just relied on that, and the trial court had followed up on its promise to dismiss it and dismiss it, why — why isn't that justification for going to trial, if we're talking about advice of the — of the attorney at the time? Well, correct. Well, the district court's statement was wrong as a matter of law. It relied on — But if he — if the district court — or the trial court had dismissed the case, you could not have taken an appeal, could you? No, you absolutely could have taken an appeal. The State could have appealed that by way of a writ or an appeal from the decision dismissing the case. It's a little bit hairy — A little tougher, yeah. — when there's — the jury's been seated. You'd have to find some sort of manifest necessity. Those are side issues. Right. Right. You know, it's — I grant you, you'd have some avenue of appeal. But after the case has been tried and there's a motion made at the end of the case and it's then dismissed, his chances were better. So I guess the question is, how does that fit into the ineffective assistance of counsel claim? Right. So the ineffective assistance of counsel claim is going to turn on deficient performance in prejudice. Deficient performance here would be whether an objectively reasonable attorney advising Anderson correctly, what would that advice have been? And here, that advice would have been, plead guilty, take this benefit, don't go to trial. Why would it not be, don't plead guilty, this case is going to be dismissed on double jeopardy grounds? Because ultimately, it wouldn't have been dismissed. The State district court's decision was wrong. If you look at it, it specifically relies on Illinois v. Vitale. A one-sentence from Illinois v. Vitale, it talks about a double jeopardy claim being a substantial double jeopardy claim if the State goes to trial and begins to put on evidence to support one of the charges where the defendant has already been convicted of the lesser charge. But what I don't understand is that that's the only basis upon which the information rested. Well, the information specifically charged, driving under the influence causing death, under the theory that the reason he was guilty of that was because he failed to yield at the intersection. But what other theory was there? Isn't that what everybody believed the cause of the death was, was his failure to yield at the stop sign? Absolutely. And what I'm... And wasn't he already convicted of that? Yes. But... All right, so what am I missing? What you're missing, respectfully, is that the Nevada Supreme Court looked at that exact issue and found that they weren't the same offense. It found that even though the State had charged him with failing to yield at the intersection when he had already pleaded guilty to failing to yield at that intersection, those two offenses were not the same under Blockburger. And that determination on the elements is binding on this Court and was on the Federal District Court below. So there is not a double jeopardy issue in this case. The only way you get around the Nevada Supreme Court's decision in direct appeal is if you rely on this one sentence from Vitale, which has been expressly overruled. In Justice Scalia's decision, paragraph 4, which was joined by a majority of the justices in Dixon, he talks about that one sentence and specifically states that it was never intended to be a holding and that to the extent that it was, it was disavowed. So there is no other decision that this Federal District Court relied upon to get around the Nevada Supreme Court's decision on direct appeal that the two offenses were the same under Blockburger or, I'm sorry, were different under Blockburger. So my argument, Your Honor, isn't that the State could have presented something else. It's that they presented those charges as it was alleged in the charging document and that the Nevada Supreme Court nevertheless concluded that they weren't the same offense. Your Honors, I also wanted to briefly mention the decision in Harris, which is what the Federal District Court relied upon. But the only way you get to Harris is through Vitale, because the Nevada Supreme Court conducted that exact analysis. As a matter of fact, in the petition for rehearing filed by counsel in this case, rehearing of the Nevada Supreme Court's decision on direct appeal, he specifically said, Your Honors, to the extent, and I'm paraphrasing, obviously, but if you think I had to wait and take this to trial, I didn't because I locked the State into a theory. I had him plead guilty specifically to that theory. And at the preliminary hearing, I made the State prove that. The only difference in this case is that the State district court's decision said that's not enough. The State has to go to trial and put on evidence of the greater charge or, excuse me, of the lesser charge. And once the State does that, once the State puts on evidence and presents its case, these two offenses will become the same offense. And that is explicitly a same-conduct test or a same-element test, which has been expressly overruled. Thank you, counsel. Let me ask a question just so I get your line of argument straight. Because you say it's not the same offense, double jeopardy doesn't even come into play. Is that right? That's correct, Your Honor. So if that's true, then the claim here is ineffective assistance, right? Yes. So if there's no possibility of raising double jeopardy, he couldn't have been ineffective in whatever strategy he used that gave up that right? Absolutely. And is that your line of argument? Exactly, yes. And so if let's say that this Court disagrees with the Nevada Supreme Court, says that they are the same offense because he pled guilty and failure to yield was a lesser-included offense, well, then counsel wasn't ineffective because counsel made that exact argument in the Nevada Supreme Court. He mentioned Blockberger, he listed the elements of the two offenses, and he said you prosecuted him twice for the same offense. That was counsel's argument. But the so counsel can't be ineffective in this case because he specifically preserved the issue, got a good deal for his client, and then raised the issue unappealed to the Nevada Supreme Court, preserving that issue in the guilty plea agreement itself. So if they're the same offense, then counsel was not deficient in the way he handled this issue. Thank you, counsel. Good morning. May it please the Court, C.B. Kirshner appearing on behalf of Petitioner Appelli, Joseph Anderson. The trial court's order was crystal clear. If at trial the State failed to prove Anderson violated a legal duty other than failure to stop, then the DUI case would be dismissed as violating double jeopardy. No reasonable attorney would have advised their client to plead guilty under these circumstances, and Anderson's trial attorney has since admitted he erred by advising Anderson to plead guilty rather than go to trial. Mr. Anderson was prejudiced by his attorney's deficient performance because his double jeopardy defense had a high likelihood of success at trial, and the district court's decision was correct in finding that Anderson received ineffective assistance of counsel. I would like to address a couple of the attorney. When the attorney gave the advice in this case, it seems to me the attorney was saying, look, if you plead guilty to the indictment, which relies on the failure to yield, it's — I still preserve the issue. Correct? That may have been what the attorney was thinking. However, it contravened the direct language of the trial court, which said, acknowledging that the State always has the opportunity to try to amend the information or criminal complaint, sometimes even during trial, well, we have to wait and see what the State's theory is actually going to be at trial. The DUI statute allows for numerous predicate-driving offenses, as the State has pointed out. And it's not just that, though. Isn't it the case that double jeopardy wouldn't attach until you impaneled a jury? Yes, Your Honor. And this motion was before a jury was impaneled? Correct. Both reasons why the motion was premature. The trial court didn't say, no, under Blockberger, there's no way this could meet double jeopardy, but it was simply premature. The jury hadn't been seated, and the State had not definitively set forth which predicate-driving offense they were going to rely on. There were very strong indications that they were going to rely on failure to stop. They still maintain that that was the sole cause for the accident. Nevertheless, following case law of this Court of the U.S. Supreme Court, they had to wait to see what actually was going to happen at trial. And the Court could not have been more clear. The trial court said in all capital letters, if this is what the State argues at trial, then this case will be dismissed. Actually, the Court went a step further in its conclusion and said essentially to the State, if you know this is the only theory you have to go on at trial, you should go ahead and dismiss this case. Nevertheless, in what was an unreasonable piece of advice, Attorney Coon advised Mr. Anderson to plead guilty even though the double jeopardy claim was not right at that time. So the State's theory is, as I understand it, the double jeopardy theory was flawed from the beginning, and the Nevada Supreme Court confirmed that, and it was decided on the merits, not on a default. So there's no prejudice. How do you respond to that? My response is twofold. One, the standard for ineffective assistance of counsel is whether or not the double jeopardy theory was flawed. It's clear from the trial court's order that there was a high likelihood of success at trial, not on the State's appeal to the Nevada Supreme Court, and it's clear from the trial court's order that there was a high likelihood of success at trial. Second, this Court is not bound by the Nevada Supreme Court's decision on the direct appeal. As the U.S. So tell me why it's wrong. As the U.S. Supreme Court stated in Missouri v. Hunter, and I'm quoting, we are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the double jeopardy theory. Absolutely, Your Honor. The reason is because looking at Harris, looking at Whalen, looking at Vitale, looking at this Court's decision in Davenport, when there are numerous possible predicate offenses that can satisfy an element of the larger offense, the courts have to look at which of those predicate offenses is actually set forth by the State. So a good comparison is felony murder. There are numerous felonies that can satisfy the felony element of felony murder and if the defendant has already been convicted of the one that is being relied on by the State at trial, then double jeopardy attaches. That's exactly what we have here. There are numerous predicate driving offenses that theoretically could satisfy the violation of driving law for the Nevada's DUI statute, so we have to look at which driving offense the State was actually going to argue at trial. Well, just a minute. Yeah, but why couldn't the defense counsel depend on just what you argued in coming to his conclusion that, you know, you could plead guilty? Well, and he certainly tried to. I mean, if he did that, why would it be, you know, incompetent representation? Because he would make the same argument you just made. You're not admitting you're incompetent. No, I'm not, Your Honor. The reason is because the trial court's order made it very clear that this may very well be a winning defense, but it has to wait until trial. It has to wait until the jury is paneled. Well, just because he disregarded that doesn't mean he's ineffective. You know, his standards fell below, you know, we'll say the norm, right? Because, as you say, the State courts were probably wrong. Well, I don't think this Nevada Supreme Court was wrong. Well, let me rephrase that. The Nevada Supreme Court should have dismissed this case on direct appeal because it was premature, not because the predicate-driving offense was not a lesser-included offense. It was a lesser-included offense, but double jeopardy hadn't attached because the trial hadn't started, because that argument had not been presented in court with an impaneled jury. As far as the reasonableness of counsel's actions, I would refer this court to its own holding in, excuse me, wrong case, in Wilcox, where this court was addressing similarly an attorney who made a premature double jeopardy claim during a first indictment, failed to make the claim at the appropriate time during the second indictment, and this court specifically found that the error and prejudice were obvious and meritorious because the double jeopardy claim was not raised at the proper time. And that's what we have here. Counsel was correct in making the double jeopardy argument, but he made it prematurely. Would you agree, though, that jeopardy attached after he pled guilty? Your Honor, my understanding of the case law, and this wasn't part of the briefing, is that there has been a split among the circuits about how double jeopardy attaches during a guilty plea scenario. So I think that's a little bit up in the air because, again, the State has continued to argue that the circuit has found that there are times when it does attach during guilty plea, but there is that caution because this is a unique double jeopardy claim where it's not just looking at the strict language of the statutes but looking for that additional what was the predicate offense. And the State has maintained that they have never had reason to alter the language in the information, particularly in light of the guilty plea, that they would have had that opportunity at trial, although, again, all the evidence suggests this was the only predicate offense they could have relied on, hence the high likelihood of success at trial. Following the theory that double jeopardy could attach on a plea of guilty and your argument that the Nevada Supreme Court was mistaken, why didn't you file in your habeas petition another claim challenging Nevada Supreme Court's assertion that double jeopardy didn't apply? If I was counsel in the district court, I may very well have done that. Mr. Anderson was actually pro se in the district court. He filed his own petition. But nobody amended that petition. He never had counsel to assist him in amending that petition. At all in the district court? At all in the district court. Similarly, on his post-conviction proceedings. Well, let me ask you a question from a different angle. Do you think that's a viable claim? In other words, that a competent counsel would assert that? Your Honor, it's hard for me to say whether or not it's a competent claim because I have not looked heavily into this Court's decision regarding double jeopardy claims on direct appeal, particularly when you're dealing with the issue of multiple possible predicate offenses. As a safety measure, if I was counsel in the district court, I probably would have raised it both ways. I believe in belt and suspenders. But I think here the district court was very clear in its finding that based on the language of the trial court order, very clearly stating that the double jeopardy claim at this point is premature, that any reasonable counsel would have gone to trial and raised this claim. Mr. Anderson did not get any huge benefit from his guilty plea. The district court recognized the two cases that were thrown out. One called for a suspended sentence. One was a misdemeanor, whereas based on pleading guilty, he received the maximum sentence allowed by law on the DUI offense. Therefore, if there's no further questions, I would ask this Court to affirm the decision of the district court. Thank you, counsel. Thank you. Thank you, Your Honors. I want to quickly add that the double jeopardy attachment issue, for the purposes of pleading guilty, jeopardy attaches at the time a district court accepts a guilty plea. That is the way the Nevada Supreme Court has determined the double jeopardy issue. So it's not when the jury is in panel. For the purposes of a guilty plea, it's at the time the district court accepts the plea. And again, I want to just reiterate that the trial court's decision in this case was wrong. And so the issue isn't whether counsel should have done something that the trial court would have granted that only would have ended up losing on appeal. It's whether a reasonable attorney giving objectively reasonable advice, which would be correct advice, what they would have advised Anderson to do. And here it would be to plead guilty. We ask that you reverse the trial court's decision. Thank you, counsel. Thank you both for your arguments this morning. The case just argued to be submitted for decision.
judges: Thomas, Tashima, Wardlaw